IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVONNE SANDEFER | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| WALMART STORES TEXAS, LLC | § | |

**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, DEFENDANT, WAL-MART STORES TEXAS, LLC, incorrectly names as WALMART STORES, INC., (hereinafter "Defendant"), and files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case to the United States District Court for the Southern District of Texas, Houston Division. The grounds for removal are as follows:

**I.
STATEMENT OF GROUND FOR REMOVAL**

1. On February 21, 2020, Plaintiff, Evonne Sandefer, ("Plaintiff") commenced an action in the 189th District Court of Harris County, Texas captioned "Cause No. 2020-12128; *Evonne Sandefer v. Walmart, Inc.*" in which she sought damages allegedly resulting from an incident that occurred on April 5, 2018 (the "Incident"), at Wal-Mart Store #4298 (the "Store") in Humble, Texas.

2. The state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and diversity of citizenship exists between properly joined parties.

## II.
## PROCEDURAL REQUIREMENTS FOR REMOVAL

3. Upon filing of this Notice of Removal of the cause, Defendant gave written notice of the filing to Plaintiff and her counsel as required by law. A copy of this Notice is also being filed with the Clerk of the Court in Harris County, Texas where this cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

4. This removal is timely as filed. Upon receipt of Plaintiff's Original Petition this case was not properly removable because there was not sufficient evidence that the amount in controversy exceeded $75,000.00. On February 4, 2021, Plaintiff sent Defendant a demand letter wherein Plaintiff sought $172,414.08. *See* Exhibit B. Prior to Plaintiff's serving the February 4, 2021 demand letter, Plaintiff had only $48,425.55 in alleged damages. Thus, Plaintiff's most recent filing has clearly placed Plaintiff's damages above the $75,000 threshold.

5. A suit that is not removable at the time it is filed may be removed if a voluntary act by the plaintiff brings about a change that makes the suit removable. *Great N. Ry. v. Alexander*, 246 U.S. 276, 282 (1918). Upon receipt of a copy of an amended pleading, motion, order, or other paper from the plaintiff which the defendant can ascertain that the case has become removable, the defendant has 30 days to remove the case. 28 U.S.C. 1446(b)(3); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996). Defendant has timely removed this case, as Defendant's removal is filed less than 30 days after receipt of Plaintiff's Demand. *See* Exhibit B.

## III.
## VENUE

6. This is a statutorily proper venue under the provisions of 28 U.S.C. § 1441(a) because this district and division embrace the county where the removed action was pending.

## IV.
## PARTIES

7. Plaintiff was a citizen of Texas at the time suit was commenced. *See* Exhibit A at Section III, Paragraph 5.

8. Although corporations are citizens of the state in which they are incorporated, partnerships and other unincorporated entities are citizens of all states in which its partners or members are citizens. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004).

9. Defendant, Wal-Mart Stores Texas, L.L.C., is, and at the time of filing of this action was, a limited liability company existing under the laws of the State of Delaware with its principal place of business in the State of Arkansas. The sole member of Wal-Mart Stores Texas, L.L.C. is Wal-Mart Stores East, L.P., a Delaware limited partnership with its principal place of business is in the State of Arkansas. Wal-Mart Stores East, L.P. is comprised of general partner, WSE Management, L.L.C., and limited partner, WSE Investment, L.L.C., both of which are Delaware limited liability companies with their principal places of business in the State of Arkansas. The sole member of WSE Management, L.L.C. and WSE Investment, L.L.C. is Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in the State of Arkansas.

10. The citizenship of the parties as alleged above remains unchanged at the time of removal.

## V.
## PLAINTIFF'S CAUSES OF ACTION

11. Plaintiff alleges that Defendant is liable to Plaintiff under a theory of premises liability after Plaintiff allegedly fell from a swing located at Wal-Mart Store #4298 in Humble, Texas on April 5, 2018.

## VI.
## JURISDICTIONAL BASIS FOR REMOVAL

12. Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction of civil actions in which the parties are citizens of different states, and the amount in controversy exceeds $75,000. The removing defendant has the burden to show that proper federal diversity jurisdiction exists to sustain removal. *Allen v. R & H Oil & Gas, Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The relevant jurisdictional facts are to be judged as of the time of removal. *Allen*, 63 F.3d at 1335. Subsequent events, such as filing an amended complaint specifically reducing the amount of damages sought, cannot deprive the court of jurisdiction once it has attached. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

### A. AMOUNT IN CONTROVERSY EXCEEDS $75,000

13. Here, it is facially apparent from Plaintiff's Demand that the amount in controversy in the instant case exceeds $75,000. *See* Exhibit B. Based upon Plaintiff's Demand, Defendant has established that the amount in controversy exceeds $75,000.00.

### B. DIVERSITY OF CITIZENSHIP

14. As set forth, *supra*, Plaintiff is a citizen of the State of Texas. Defendant is a citizen of the State of Arkansas. There are no non-diverse parties present in this action. As such, Defendant has established that complete diversity of citizenship exists between the parties to this action. Therefore, Defendant has satisfied the diversity element of its removal burden.

## VII.
## CONCLUSION

15. Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Additionally, Defendant has established that diversity of citizenship exists between the parties in this case. Therefore, the Court should find that removal was proper in this case.

## VIII.
## PRAYER

WHEREFORE, Defendant, Wal-Mart Stores Texas, L.L.C. prays that this Court find that the above-styled action now pending in the 189th District Court of Harris County, Texas, be removed therefrom to this Honorable Court.

Respectfully submitted,

BUSH & RAMIREZ, P.L.L.C.

*Ciara Perritano*
John A. Ramirez
Attorney in Charge
Texas Bar No. 00798450
Fed. Bar No. 21280
Ciara Perritano
Texas Bar No. 24096440
Fed. Bar No. 3530917
5615 Kirby Drive, Suite 900
Houston, Texas 77005
(713) 626-1555 Telephone
(713) 622-8077 Telecopier
jramirez.atty@bushramirez.com
cperritano.atty@bushramirez.com

ATTORNEYS FOR DEFENDANT,
WAL-MART STORES TEXAS, L.L.C.

5

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this 12th day of February, 2021.

Rosanna Al-Hakeem
The Dunk Law Firm
4505 Caroline St.
Houston, Texas 77004

*Ciara Perritano*
Ciara Perritano